IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holloway, Jr., ) | C/A No. 8:15-4258-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Major Lonnie Smith; Sheriff Tony Davis; John ) | |
| Long; Sheriff's Dept. Greenwood S.C. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Robert Holloway, Jr. ("Plaintiff"), proceeding pro se, brings this civil action apparently pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Greenwood County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff brings this lawsuit against the Greenwood County Sheriff's Department, the Sheriff of Greenwood County, Tony Davis, and Major Lonnie Smith and John Long, who allegedly both work at the Sheriff's Department. [Doc. 1.] Plaintiff alleges that the Greenwood County Sheriff's Department ". . . has been told over and over that a federal investigation is going on in the County of Greenwood S.C. because a terrorist org. is running around here looking like your family but is not. It happen to my family. My mother isn't my mother. Now she in Newberry Nursing Home White Oak. Blood test DNA will tell you that." [*Id*.] He alleges that his local law enforcement is aiding and abetting the terrorists. [*Id*.] Further, Plaintiff seems to allege that he is working for the IRS conducting a federal investigation, and the Sheriff's Department has now interfered with the federal investigation by putting him in jail where he cannot perform his work for the IRS. [*Id*.]

Plaintiff also alleges that his money is being held up by the court systems. [*Id*.] And, he alleges that his settlement is still pending with respect to C/A No. 2:00-2112-PMD. [*Id*.] He contends that someone wrongfully is using Robert Holloway, Jr., service of process. [*Id*.]

For his relief, Plaintiff seeks $100 million in damages; immediate release from jail; the criminal charges against him be dropped; the Defendants be fired from employment; and the Defendants be charged with interfering with a federal investigation. [*Id*.] Additionally, Plaintiff requests a federal lawyer be appointed "because these cases has become to great to handle pro se. . . ." [*Id*.]

This Court takes judicial notice that Plaintiff filed a prior civil action in this Court against the South Carolina Department of Corrections and South Carolina.[1] *See* Report and Recommendation, *Holloway v. South Carolina Dep't of Corr.*, C/A No. 2:00-02112-PMD-RSC (D.S.C. July 20, 2000), ECF No. 3. At the time Plaintiff filed the civil action in 2000, he was incarcerated at Lee Correctional Institution; he filed the action pursuant to 42 U.S.C. § 1983 alleging unconstitutional prison conditions. *Id.* at 2. This Court summarily dismissed that case without issuance and service of process because the defendants had Eleventh Amendment immunity from suit and they were not "persons"

---

[1] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

subject to suit pursuant to § 1983.[2]  *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10.

Additionally, this Court takes judicial notice that Plaintiff recently filed a prior civil action in this Court against Tony Davis and the Greenwood Sheriff Department.  *See* Report and Recommendation, *Holloway v. Davis*, C/A No. 8:15-3606-MGL-JDA (D.S.C. Sept. 30, 2015), ECF No. 11, *adopted by*, Order, ECF No. 14.  This Court found that the prior Order entered in C/A No. 2:00-02112-PMD-RSC did not allow Defendants to be served with legal process related to that lawsuit; it did *not* give Plaintiff any future rights that nobody could serve him with legal process.  *Id*.  And, it did *not* provide for a monetary settlement to be paid to Plaintiff; thus, Plaintiff had failed to state a plausible claim based on that prior lawsuit.  *Id*.  This Court also found that Sheriff Tony Davis and the Greenwood County Sheriff's Department had Eleventh Amendment immunity from the lawsuit because Plaintiff sought damages.  *Id*.  And, this Court found that Plaintiff's attempt to initiate a criminal prosecution against Sheriff Davis had no basis in law because "[n]o citizen has an enforceable right to institute a criminal prosecution."  *Id*.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the

---

[2] This Court noted that Plaintiff's pleadings were, for the most part, incoherent.  *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10 at 3.

3

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

4

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint should be dismissed based on frivolousness. Several of Plaintiff's factual allegations are fantastic, fanciful, and delusional, including: (1) a terrorist organization is running around here looking like your family but is not, his mother is not his mother, which DNA will confirm; (2) local law enforcement is aiding and abetting the terrorists; (3) the Sheriff's Department has now interfered with a federal investigation by putting Plaintiff in jail; and (4) Plaintiff's settlement is still pending with respect to C/A No. 2:00-2112-PMD, because Plaintiff is owed money. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional). Therefore, because Plaintiff filed this action pursuant to the *in forma pauperis* statute, this Court should dismiss it based on frivolousness.

And, as explained above, this Court has found that Plaintiff's similar claims in prior lawsuits had no arguable basis in law. For example, this Court already ruled that Plaintiff's

5

attempt to initiate a criminal prosecution against Sheriff Davis had no basis in law. Thus, this action is also frivolous because it raises legally insufficient claims that Plaintiff already unsuccessfully attempted to raise. *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact).

Moreover, although Plaintiff seeks release from the detention center, release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Lastly, Plaintiff's request for this Court to appoint him a federal lawyer has no merit. Although courts have discretionary authority to appoint counsel "in exceptional cases," in a civil action brought by a litigant proceeding *in forma pauperis* where the litigant has a colorable claim but lacks the capacity to present it, it is not appropriate in this frivolous case. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); 28 U.S.C. § 1915(e).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Further, it is recommended that this action be

deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness.  *See McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009).  **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

November 17, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).